**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RONALD SAUR,**

      **Petitioner,**

                                        **Civil Action 2:12-cv-895**
      **v.**                             **Judge Gregory L. Frost**
                                        **Magistrate Judge Elizabeth P. Deavers**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

<u>**ORDER**</u>

      This matter is before the Court for consideration of Petitioner's Objection to the October 4, 2012 Order of the Magistrate Judge.  (ECF No. 3.)  For the reasons that follow, Petitioner's Objections are **OVERRULED**.  The Order of the Magistrate Judge is **ADOPTED** and **AFFIRMED**.  Petitioner is **DIRECTED** to either pay the full filing fee or submit an application for a prisoner to proceed without prepayment of fees **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**.  Petitioner is further **DIRECTED** to clarify the relief he seeks **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**.  Failure to comply with the terms of this Order could result in the dismissal of this case.

**I.**

      On October 16, 2012, Petitioner, an inmate at the Chillicothe Correctional Institution, initiated this action by filing a request to proceed without prepayment of fees.  (ECF No. 1.) Petitioner did not, however, submit the application required for a prisoner or provide a certified copy of his prison account statement, as required under 28 U.S.C. § 1915(a)(2).

Petitioner also filed a "Petition for a Rule NISI Order Pursuant to 28 U.S.C. 1651(a)(b)." *Id.* at Ex. 2.  According to the Petition, he seeks a Rule Nisi order because there is "no cause of detention in the public record."  (Civil Cover Sheet, ECF No. 1-1.)  Petitioner further asserts that "there is no lawful state remedy," because "no substantive law was invoked" in his underlying criminal proceedings.  (Petition 1, ECF No. 1-2.)

On October 4, 2012, the Magistrate Judge issued an Order directing Petitioner to supply the appropriate application for a prisoner to proceed without prepayment of fees, along with a certified copy of his prison account statement.  (Order 2, ECF No. 2.)  The Magistrate Judge also directed Petitioner to clarify the relief he seeks, as the Court cannot discern the nature of his purported cause of action from his Petition.  *Id.* at 2-3.

On October 16, 2012, Petitioner filed an Objection to the Order of the Magistrate Judge. (ECF No. 3.)  First, Petitioner objects to applying as a prisoner to proceed without prepayment of fees on the grounds that he "is not a prisoner by state and federal law."  (Objection 1, ECF No. 3.)  Accordingly, Petitioner maintains that he "will not file an *in forma pauperis* petition for a prisoner [a]nd the federal Court may not order him to do so[,] [a]s it would lead him [] to perjure himself, breaking the law."  *Id.* at 2.  He asserts that he is entitled to move to proceed *in forma pauperis* as a non-prisoner.  *Id.* at 1.

Second, Petitioner indicates that he "is not asking for habeas relief."  *Id.* at 3.  Rather than provide clarity as to the nature of his purported cause of action, however, Petitioner's objection adds to the confusion.  He maintains that he seeks "[o]nly the truth of the state involvement on the court record."  *Id.*  Petitioner further posits that "[a] rule nisi order for the true and lawful cause of petitioner's detention will resolve all issues raised by the petition, and

2

the court." *Id.* at 3.

## II.

The subject Order of the Magistrate Judge involves a non-dispositive matter.  Thus, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Federal Rule of Civil Procedure 72(a).  A Magistrate Judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake as been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A court will overturn a Magistrate Judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (internal quotation marks and citation omitted).

The Court has reviewed the Magistrate Judge's Order and concludes that it is neither clearly erroneous nor contrary to law.  First, Petitioner must either pay the full filing fee or submit an application for a prisoner to proceed without prepayment of fees and a certified copy of his prison account statement.  Regardless of the term Petitioner uses to describe himself, the *in forma pauperis* statute under which he moves classifies him as a "prisoner."  *See* 28 U.S.C. 1915(g) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . .").  Notwithstanding Petitioner's apparent objection to the methods by which he was adjudicated guilty of a crime, Petitioner is a "person incarcerated" in a "facility" who is "convicted of" a "violation[] of criminal law."  *See* Criminal Case Detail attached to Petition as Exhibit A, ECF No. 1-3 (reflecting that Petitioner pleaded guilty to the

3

indictment of felonious assault.).

Accordingly, Petitioner's first objection to the Order of the Magistrate Judge is **OVERRULED**.  Petitioner is **DIRECTED** to either submit an application for a prisoner to proceed without prepayment of fees and a certified copy of his prisoner account statement, or pay the full filing fee of $5.00 for a habeas corpus petition or $350.00 for a civil complaint, **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**.  Petitioner is cautioned that failure to comply with the terms of this Order may result in the dismissal of this case.  If Petitioner does not comply with this Order, the Court is required to assume that he is not a pauper, and it will: (1) assess the full amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active docket **even if the filing fee is then paid in full.**  *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997).

Second, Petitioner must provide clarity as to the relief he seeks.  As currently drafted, the Court cannot discern from the Petition the nature of the purported cause of action or what relief Petitioner seeks.  Accordingly, Petitioner's second objection to the Order of the Magistrate Judge is **OVERRULED**.  Petitioner is **DIRECTED** to clarify the relief he seeks **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**.

## III.

Accordingly, Petitioner's Objections to the Order of the Magistrate Judge are **OVERRULED**.  The Order of the Magistrate Judge is **ADOPTED** and **AFFIRMED**.  Petitioner is **DIRECTED** to either pay the full filing fee or submit an *in forma pauperis* application by a prisoner **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**.  Petitioner is further **DIRECTED** to clarify the relief he seeks **WITHIN THIRTY (30) DAYS OF THE**

4

DATE OF THIS ORDER.  For ease of reference, the Clerk is **DIRECTED** to provide

Petitioner with standard blank forms for an incarcerated person to proceed without prepayment

of fees.

      **IT IS SO ORDERED.**

                                                  /s/   Gregory L. Frost
                                             **GREGORY L. FROST**
                                             **UNITED STATES DISTRICT JUDGE**